IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

MELISSA SUAZO and YESSICA
ELOISA JIMENEZ CUEVAS, for themselves
and on behalf of all of those similarly situated,

    Plaintiff,

v.

                                                             Case No.

MARGARITAS MEXICAN RESTAURANT,
LLC, a Florida for Profit Corporation; and
GLORIA SANCHEZ, individually,

    Defendants.
_____/

**COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, MELISSA SUAZO ("SUAZO"), and YESSICA ELOISA JIMENEZ CUEVAS ("JIMENEZ") (collectively "Plaintiffs"), for themselves and on behalf of those similarly situated, by and through undersigned their counsel, file this Complaint against Defendants, MARGARITAS MEXICAN RESTAURANT, LLC, a Florida for Profit Corporation, and GLORIA SANCHEZ, Individually (collectively "Defendants"), and state as follows:

**INTRODUCTION**

1. Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a).

2. To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for a covered employer whose employees work in excess of forty (40) hours per workweek. 29 U.S.C.

1

§ 207(a).  And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a)(7).

3. Plaintiffs allege pursuant to the FLSA, 29 U.S.C. § 216(b), that they are (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law, (ii) entitled to unpaid wages from Defendants for work for which they did not receive minimum wages, as required by law, (iii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*; and (iv) declaratory relief pursuant to 28 U.S.C. §2201.

## JURISDICTION AND VENUE

4. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA, as amended (29 U.S.C. §201, *et seq.*) ("FLSA") to:  (i) obtain a judgment against Defendants as to liability; (ii) recover unpaid back wages; (iii) recover an additional equal amount as liquidated damages; and (iv) reasonable attorneys' fees and costs.

5. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331 as the FLSA claims arise under 29 U.S.C. §216(b).

6. Venue is proper as the acts and omissions giving rise to Plaintiffs' claims occurred in Palm Beach County, Florida.

## PARTIES

7. At all times material to this action, Plaintiff SUAZO was a resident of Palm Beach County, Florida.

8. At all times material to this action, Plaintiff JIMENEZ was a resident of Palm Beach County, Florida.

9. At all times material to this action, MARGARITAS MEXICAN RESTAURANT, LLC was, and continues to be, a Florida profit corporation. Further, at all times material to this

action, MARGARITAS MEXICAN RESTAURANT, LLC was, and continues to be, engaged in business in Florida, with a principal place of business in Palm Beach County, Florida.

10. Upon information and belief, at all times material to this action, Defendant, GLORIA SANCHEZ was and continues to be a resident of Palm Beach County, Florida.

11. At all times material to this action, Defendant, GLORIA SANCHEZ regularly held and/or exercised the authority to hire and fire employees of MARGARITAS MEXICAN RESTAURANT, LLC.

12. At all times material to this action, Defendant, GLORIA SANCHEZ regularly held and/or exercised the authority to determine the work schedules for the employees of MARGARITAS MEXICAN RESTAURANT, LLC.

13. At all times material to this action, Defendant, GLORIA SANCHEZ regularly held and/or exercised the authority to determine the pay rates for the employees of MARGARITAS MEXICAN RESTAURANT, LLC.

14. At all times material to this action, Defendant, GLORIA SANCHEZ regularly held and/or exercised the authority to control the finances and operations of MARGARITAS MEXICAN RESTAURANT, LLC.

15. By virtue of having held and/or exercised the authority to: (i) hire and fire employees of MARGARITAS MEXICAN RESTAURANT, LLC; (ii) determine the work schedules for the employees of MARGARITAS MEXICAN RESTAURANT, LLC; (iii) determine the rates of pay for employees of MARGARITAS MEXICAN RESTAURANT, LLC; and (iv) control the finances and operations of MARGARITAS MEXICAN RESTAURANT, LLC, is an employer as defined by 29 U.S.C. §201 *et. seq.*

**FLSA COVERAGE**

16. At all times material to this action, Plaintiffs were "employees" of Defendants within the meaning of the FLSA.

17. Plaintiff SUAZO's consent to file this action pursuant to 29 U.S.C. §216(b) has been attached hereto as **Exhibit A.**

18. Plaintiff JIMENEZ's consent to file this action pursuant to 29 U.S.C. §216(b) has been attached hereto as **Exhibit B.**

19. At all times material to this action, Defendants were Plaintiffs' "employers" within the meaning of the FLSA.

20. At all times material hereto, Defendant, MARGARITAS MEXICAN RESTAURANT, LLC, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA by virtue of its routine utilization of supplies and materials that originated outside the state of Florida.

21. The supplies and materials that Defendants _utilized to run its business previously traveled in interstate commerce.

22. At all times material to this action, Defendants had two (2) or more employees who regularly handled products and equipment, including alcoholic and non-alcoholic beverages, pots, and pans, which had previously moved through interstate commerce, during performance of their duties, including, *inter alia* equipment and supplies used directly in furtherance of Defendants' commercial activity of running a restaurant.

23. Based upon information and belief, the annual gross revenue of Defendant MARGARITAS MEXICAN RESTAURANT, LLC was in excess of $500,000.00 per annum at all times relevant hereto.

24. At all times material hereto, Plaintiffs were "engaged in commerce" and were

subject to individual coverage of the FLSA, by virtue of their regular and recurrent handling of equipment that had previously traveled in interstate commerce.

25. At all times material hereto, the work performed by Plaintiffs were directly essential to the business performed by Defendants.

26. At all times material hereto, Defendant MARGARITAS MEXICAN RESTAURANT, LLC was an enterprise covered by the FLSA.

## STATEMENT OF FACTS

27. Beginning on or about August 2019 through on or about October 2019, Defendants employed SUAZO as a non-exempt, hourly-paid server.

28. Beginning on or about January 2018 through on or about September 2019, Defendants employed JIMENEZ as a non-exempt, hourly-paid server.

29. Plaintiffs' duties included serving and preparing food, serving alcohol, and cleaning.

30. Plaintiffs, for some or all of the relevant time period, were not paid an hourly wage based on the minimum wage for the work performed.

31. Plaintiffs and those similarly situated to them were/are entitled to at least the Federal minimum wage pursuant to §206(a) of the FLSA.

32. Plaintiffs and those similarly situated to them were/are entitled to the Florida minimum wage pursuant to §29 C.F.R §778.5.

33. Plaintiffs worked for Defendants in excess of forty (40) hours within one or more workweeks.

34. In one or more work weeks during their employment, Defendants failed to compensate Plaintiffs, at rate of one and one-half times their regular rate for all hours worked in

excess of forty (40) hours in a single work week.

35. Plaintiffs should be compensated at the rate of one and one-half times their regular rate for those hours that they worked in excess of forty (40) hours per week, as required by the FLSA.

36. Defendants have violated Title 29 U.S. C. §206 from at least January 2018 and continuing through approximately October 2019, in that:

   a. Defendants failed to pay Plaintiffs, and those similarly situated, proper minimum wage for all hours worked for Defendants as required by the FLSA;

   b. No payments, or provisions for payment, have been made by Defendants to properly compensate Plaintiffs, and those similarly situated, at the applicable minimum wage for each hour worked as provide by the FLSA; and

   c. Upon information and belief, Defendants have failed to maintain proper time records as mandated by the FLSA.

37. Defendants have violated Title 29 U.S.C. § 207 from at least January 2018 and continuing through approximately October 2019, in that:

   a. Plaintiffs worked in excess of forty (40) hours during most weeks for the period of his employment with Defendants;

   b. No payments, and/or provisions for payment, have been made by Defendants to properly compensate Plaintiffs, and those similarly situated, at the statutory rate of one and one-half times his regular rate for those hours worked in excess of forty (40) hours per work week as provided by

        c.     the FLSA; and

        c.     Defendants failed to maintain proper time records as mandated by the FLSA.

38. In an effort to resolve these matters without litigation, on November 25, 2019, Plaintiffs contacted Defendants but never received a response, *see* **Exhibit C.**

## COLLECTIVE ACTION ALLEGATIONS

39. As part of the regular business practices, Defendants have intentionally, willfully and repeatedly harmed Plaintiffs and Class Members by engaging in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

40. Although Defendants permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendants denied them full compensation for their hours worked over forty. Defendants have also denied them full compensation at the federally mandated minimum wage rate.

41. Class Members perform or have performed the same or similar work as Plaintiffs. In particular, Plaintiffs and Class Members all worked as servers under the same conditions and subject to the same violations of the FLSA.

42. Many Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

43. Class Members are not exempt from receiving overtime pay and/or minimum wage at the federally mandated minimum wage rate under the FLSA.

44. As such, Class Members are similar to Plaintiffs in terms of job duties, pay structure, and/or the denial of overtime and minimum wage.

45. Defendants' failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

46. The experience of Plaintiffs, with respect to their pay, is typical of the experiences of Class Members.

47. The experience of Plaintiffs, with respect to their job duties, is typical of the experiences of Class Members.

48. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

49. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

50. All Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

51. Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated by a formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Class Members.

52. The Plaintiffs and the Class Members held the same job title: servers.

53. As such, the class of similarly situated Plaintiff is properly defined as follows:

**The FLSA Collective Members are all of Defendants' current and former servers who worked at Margaritas Mexican Restaurant, LLC at any time during the three years before this Complaint was filed up to the present.**

## COUNT I
## RECOVERY OF MINIMUM WAGE COMPENSATION

54. Plaintiffs reincorporate and readopt all allegations contained within

Paragraphs 1-53 above.

55. Plaintiffs, on behalf of themselves and those similarly situated, were entitled to be paid by Defendants the proper minimum wage for each hour worked per workweek.

56. Plaintiffs, on behalf of themselves and those similarly situated, were/are entitled to receive the applicable statutory Florida minimum wage rate for all hours worked during their employment with Defendants pursuant to 29 C.F.R. 29 U.S.C. § 778.5.

57. Plaintiffs, on behalf of themselves and those similarly situated, have not been paid the applicable wage for each hour worked during their employment.

58. As a direct and proximate result of Defendants' deliberate nonpayment of wages, Plaintiffs, and those similarly situated, have been damaged in the loss of minimum wages, plus incurring reasonable attorneys' fees and costs.

59. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiffs minimum wage.

60. Defendants' conduct was not in good faith, and Plaintiffs and those similarly situated are therefore entitled to liquidated damages.

61. Plaintiffs, and those similarly situated, are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs, on behalf of themselves and those similarly situated, respectfully request that judgment be entered in their favor against Defendants:

    a. An Order Certifying this case as a collective action in accordance with 29 U.S.C. §216(b) with respect to the claims set forth herein;

    b. An Order compelling Defendants to disclose the names and addresses of all Class Members and permitting Plaintiffs to send notice of this action to all

    similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the Class Members of their right to join and participate in this lawsuit;

c. Awarding Plaintiffs minimum wage compensation in the amount due to them for Plaintiffs' time worked while employed by Defendants;

d. Awarding Plaintiffs liquidated damages in an amount equal to the minimum wage award;

e. Awarding Plaintiffs pre-judgment and/or post-judgment interest;

f. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA; Defendants failed to keep accurate time records; Defendants have a legal duty to pay Plaintiffs minimum wages pursuant to the FLSA; Defendants failed to prove a good faith defense; and Plaintiffs are entitled to minimum wages, liquidated damages, and reasonable attorneys' fees pursuant to the FLSA;

g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h. Ordering any other further relief the Court deems just and proper.

## COUNT II
## FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF 29 U.S.C. §207

62. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-53 as if fully set forth herein.

63. From at least January 2018, through October 2019, Plaintiffs, and those similarly

situated, worked in excess of the forty (40) hours per week for which Plaintiffs were not compensated at the statutory rate of one and one-half times Plaintiffs' regular rate of pay.

64. Plaintiffs' and those similarly situated, were, and are, entitled to be paid at the statutory rate of one and one-half times Plaintiffs' regular rate of pay for those hours worked in excess of forty (40) hours.

65. At all times material hereto, Defendants failed and continue to fail, to maintain proper time records as mandated by the FLSA.

66. Defendants' actions in this regard were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its continued failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiffs' regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

67. Defendants have failed to properly disclose or apprise Plaintiffs of Plaintiffs' rights under the FLSA.

68. Due to the intentional, willful, and unlawful acts of the Defendants, Plaintiffs suffered and continued to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

69. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs, on behalf of themselves and those similarly situated, respectfully requests that judgment be entered in their favor against Defendants:

    a. An Order Certifying this case as a collective action in accordance with 29 U.S.C. §216(b) with respect to the claims set forth herein;

  b. An Order compelling Defendants to disclose the names and addresses of all Class Members and permitting Plaintiffs to send notice of this action to all similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the Class Members of their right to join and participate in this lawsuit;

  c. Awarding Plaintiffs overtime compensation in the amount due to them for Plaintiffs' time worked in excess of forty (40) hours per work week while employed by Defendants;

  d. Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;

  e. Awarding Plaintiffs pre-judgment and/or post-judgment interest;

  f. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime wage provisions of the FLSA; Defendants failed to keep accurate time records; Defendants have a legal duty to pay Plaintiffs overtime wages pursuant to the FLSA; Defendants failed to prove a good faith defense; and Plaintiffs are entitled to overtime wages, liquidated damages, and reasonable attorneys' fees pursuant to the FLSA;

  g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

  h. Ordering any other further relief the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

Dated this 18th day of December, 2019.

        Respectfully Submitted,

        */s/ Natalie Staroschak*
        Natalie Staroschak
        FL Bar No.: 116745
        MORGAN & MORGAN, P.A.
        8151 Peters Road
        Suite 4000
        Plantation, FL 33324
        Tel: 954-807-7759
        Fax: 954-807-7781
        E-mail: nstaroschak@forthepeople.com

        *Trial Counsel for Plaintiffs*